UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BALTASAR VILLALOBOS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Case No. 19-cv-2310 |
| | ) | |
| STANISLAW KACKI, and | ) | |
| TETRA NETWORK INC. d/b/a | ) | |
| XAN SYSTEMS, an Ontario Corporation | ) | |
| | ) | |
| *Defendants*. | ) | |

## NOTICE OF REMOVAL

Defendants, STANISLAW KACKI and TETRA NETWORK INC. d/b/a XAN SYSTEMS ("Defendants"), through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, remove this action from the Circuit Court of Lake County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Defendants state:

## PROCEDURAL HISTORY

1.      This is a personal injury action involving a March 27, 2017, collision between vehicles operated by Plaintiff Baltasar Villalobos and Defendant Stanislaw Kacki.

2.      On February 22, 2019, Plaintiff filed a two-count complaint in the Circuit Court of Lake County, Illinois, Case No. 19 L 00000125. (**Exhibit A**, Complaint).

3.      On February 25, 2019, summons was issued for Defendants Stanislaw Kacki and Tetra Network, Inc. d/b/a XAN Systems, Inc. (**Exhibit B**, Stanislaw Kacki and Tetra Network Inc. d/b/a XAN Systems - Summons).

## GROUNDS FOR REMOVAL

4.      A defendant may remove any civil action brought in a State court for which the district courts of the United States have original jurisdiction to the federal district court encompassing the place in which the action is pending. 28 U.S.C. § 1441(a).

2670741v.1

5.      This Court has original jurisdiction over this action by reason of complete diversity of citizenship and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

## THE PARTIES ARE OF DIVERSE CITIZENSHIP

6.      Plaintiff Baltasar Villalobos is a citizen of the State of Illinois.

7.      Defendant Stanislaw Kacki is a citizen of London, Ontario, Canada.

8.      At the time this action was commenced and since that time, Defendant Tetra Network, Inc. d/b/a XAN Systems Inc. is incorporated in Canada with its principal place of business located in Newmarket, Ontario, Canada. (**Exhibit C**, Tetra Network, Inc. d/b/a XAN Systems, Inc. Affidavit of Citizenship).

9.      Based on its state of incorporation and principal place of business, Defendant Tetra Network, Inc. d/b/a XAN Systems, Inc. is deemed to be a citizen of Canada for purposes of 28 U.S.C. §§ 1332 and 1441.

10.      As such, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.  *See Wis. Dept or Correction v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052 (1998); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65, 117 S. Ct. 467, 471 (1996).

## AMOUNT IN CONTROVERSY IS SATISFIED

11.      The amount in controversy in this matter exceeds $75,000.00. While Plaintiff's Complaint lacks an *ad damnum*, "[a] defendant who removes a suit in which the complaint lacks an *ad manum* must [only] establish a 'reasonably probability' that the amount in controversy exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). "A removing party need not show that the plaintiff will *prevail* or collect more than $ 75,000 if he does." *Id.* at 816 (emphasis original). "The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal

court unless a rule of law will keep the award under the threshold." *Id.* A district court is entitled to take account of a plaintiff's settlement demand in determining whether there is a reasonable probability that the amount in controversy exceeds $75,000. *Id.*

12.     On April 25, 2018, Plaintiff issued a settlement demand of $175,000 to Defendants for the full resolution of his claims against them. (**Exhibit D**, Demand for Settlement). As Defendants need not show that Plaintiff will prevail on his claims - only what Plaintiff hopes to get out of this litigation – Plaintiff's April 2018 settlement demand conclusively establishes that the amount in controversy in this matter exceeds $75,000.

## THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

13.     Defendants Stanislaw Kacki and Tetra Network, Inc. d/b/a XAN Systems, Inc. filed this Notice of Removal within thirty (30) days of their being served with summons, March 6, 2019 and March 7, 2019, respectively, and therefore, this Notice of Removal is timely.  (**Ex. B**); 28 U.S.C. § 1446(a).

14.     This Court has diversity jurisdiction over this mater pursuant to 28 U.S.C. § 1332 (a)(1).

15.     The State Court Action is properly subject to removal pursuant to 28 U.S.C. § 1332 (a)(1).

16.     Defendants are filing, within this pleading, a copy of the Complaint and Summonses served upon them in the state court action.  28 U.S.C. § 1446(a).

17.     Promptly after filing this Notice of Removal, Defendants will provide written notice to all adverse parties of the filing, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, as required by 28 U.S.C. § 1446(d).

3

2670741v.1

18.     Defendants Stanislaw Kacki and Tetra Network, Inc. d/b/a XAN Systems, Inc., each consent to removal.

19.     By filing this Notice of Removal, Defendants Stanislaw Kacki and Tetra Network, Inc. d/b/a XAN Systems, Inc., do not waive any available defenses, including all jurisdictional and affirmative defenses.

20.     The undersigned counsel for the Defendants has read the foregoing and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants STANISLAW KACKI and TETRA NETWORK INC. d/b/a XAN SYSTEMS, hereby remove the instant action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully request that this Court exercise jurisdiction over this action.

Respectfully Submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP


By:     */s/ Robert M. Campobasso*
        Kathleen McDonough (ARDC # 6229813)
        kathleen.mcdonough@wilsonelser.com
        Robert M. Campobasso (ARDC #6296026)
        robert.campobasso@wilsonelser.com
        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
        55 W. Monroe Street, Suite 3800
        Chicago, IL 60603
        Telephone: 312.704.0550
        Fax: 312.704.1522

        Attorneys for STANISLAW KACKI and TETRA
        NETWORK INC. d/b/a XAN SYSTEMS

4

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to Plaintiff's counsel via e-mail and Certified mail on this 5th day of April, 2019.

Balke & Williams
542 S. Dearborn Street, Suite 310
Chicago, IL  60605
graham@balkelaw.com

*/s/ Robert M. Campobasso*